**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RICHARD E. DANIELS,

                                                    Plaintiff,

      v.

                                                                    No. 5:25-CV-1100
DANIEL CONNOR,                                                      (GTS/PJE)

                                                    Defendant.

---

**APPEARANCES:**

Richard E. Daniels
C2965
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

#### I. **In Forma Pauperis**

Plaintiff pro se Richard E. Daniels ("plaintiff") commenced this action on August 15, 2025, by filing a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

financially qualifies to proceed IFP.[2]  This Court must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.

## II.  Initial Review

### A.  Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted).  However, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, a complaint must still include enough facts to provide defendants with notice of the claims against them and the grounds on which they are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

---

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees, if applicable.

is liable for the misconduct alleged."); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) (Noting that a plaintiff bringing suit must plead "enough facts to state a claim to relief that is plausible on its face.").

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint." *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-0255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-0255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)). "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Id*. (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## III. **Discussion**

### A. **Plaintiff's Complaint**

Reading plaintiff's complaint liberally and affording him due solicitude, plaintiff's claims arise out of the following series of events. Plaintiff alleges that on June 23, 2025, Daniel Connor, Senior Probation Officer for the Jefferson County Probation Department ("Connor"), "picked [him] up on a (mental health) pick up." Dkt. No. 1 at 4. Plaintiff alleges that he was removed from his home, placed in custody, and held at gunpoint by "a SWAT team." *Id*. at 4-5. While plaintiff was handcuffed outside of his home, Connor entered plaintiff's home without a warrant and "took a religious knife" from his kitchen cupboard. *Id*. at 4. Connor told plaintiff that the knife he took was a set of "'brass knuckles' because of the finger guard." *Id*. Plaintiff claims that he is permitted to have the knife because he is an ordained neolithic shaman and the knife Connor seized was an "Athem," which "is

a blessed knife for [his] alter." *Id*. Plaintiff states that following this incident, he was charged with felony possession of a weapon, his probation was violated, and he is currently incarcerated at the Jefferson County Correctional Facility ("Jefferson County CF"). *See id*. at 4-5. Plaintiff seeks $10,500,000 in monetary damages and an order terminating Connor from his duties as a probation officer. *See* Dkt. No. 1 at 5.

## B.  **Analysis**[3]

Plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983 against Connor, alleging that his First Amendment right to free exercise of religion, Fourth Amendment right against unreasonable search and seizure, and Fourteenth Amendment rights generally were violated. *See generally* Dkt. No. 1. Section 1983 "establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

### 1.  **Plaintiff's Current Status**

---

[3] In addition to checking the box for "Other Civil Rights," plaintiff's civil cover sheet checks the box indicating "U.S. Government" as the basis of jurisdiction. *See* Dkt. No. 1-1. However, the United States Government is not a named plaintiff in this action. *See generally* Dkt. No. 1. Reading plaintiff's complaint liberally and affording him due solicitude, it appears plaintiff likely intended to mean that his claims involve federal question jurisdiction. *See Cinotti v. Adelman*, 709 F. App'x 39, 40 (2d Cir. 2017) (summary order) ("[A]lthough [the plaintiff's] pro se complaint does not refer to 42 U.S.C. § 1983, the district court should have construed it liberally as asserting § 1983 claims, which provide a basis for federal question jurisdiction.").

As stated above, plaintiff's complaint alleges that he was charged with felony possession of a weapon, his probation was violated, and he was incarcerated at the Jefferson County CF.  *See* Dkt. No. 1 at 4.  At this time, plaintiff remains incarcerated[4] at the Jefferson County CF with a scheduled release date of October 21, 2026.[5]  The Court does not have any additional information outside of the plaintiff's complaint regarding the disposition of the criminal charge filed against him, his probation violation, or any determination he received thereof.  *See generally* Dkt. No. 1.  It is unclear whether plaintiff's state court criminal proceedings remain pending.

## 2. *Younger* Abstention Doctrine

Insofar as plaintiff seeks to proceed against Connor for monetary damages and injunctive relief pursuant to Section 1983 and plaintiff's state court criminal proceedings remain pending, his request for Court intervention triggers the *Younger* abstention doctrine.  *See Hanyon v. Express Auto Credit Corp.*, No. 3:23-CV-1640 (MAD/ML), 2024 WL 248586, at *4, n.3 (N.D.N.Y. Jan. 22, 2024), *report and recommendation adopted,* No. 3:23-CV-1640 (MAD/ML), 2024 WL 4783943 (N.D.N.Y. Nov. 14, 2024) (citing *Younger v. Harris*, 401 U.S. 37 (1971)) ("In the event that Plaintiff's underlying state court proceeding remains pending, his request for this Court's involvement may also implicate the *Younger* abstention doctrine.").

---

[4] NEW YORK - VINELINK, "Search For Someone," "Daniels, Richard." https://vinelink.vineapps.com/search/persons;limit=20;offset=0;showPhotos=false;isPartialSearch=false;siteRefId=NYSWVINE;personFirstName=Richard;personLastName=Daniels;stateServed=NY (last visited May 18, 2026).

[5] The Court obtained plaintiff's current incarceration status using an inmate lookup service using plaintiff's identification number: C2965.  *See Jackson v. Sullivan Cnty.*, No. 16 CIV. 3673 (JCM), 2018 WL 1582506, at *5, n.8 (S.D.N.Y. Mar. 27, 2018) (quoting *Narvaez v. City of New York*, No. 16 Civ. 1980 (GBD), 2017 WL 1535386, at *5 n.6 (S.D.N.Y. Apr. 17, 2017) (quoting *Tavares v. New York City Health & Hosps. Corp.*, No. 13-CV-3148 (PKC/MHD), 2015 WL 158863, at *3 (S.D.N.Y. Jan. 13, 2015))) ("Courts in this district have taken judicial notice of information obtained from online inmate tracking services.") (internal quotation marks omitted).

Under the *Younger* abstention doctrine, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger*, 401 U.S. at 43-44.). "This doctrine of federal abstention rests foursquare on the notion that, in the ordinary course, a state proceeding provides an adequate forum for the vindication of federal constitutional rights." *Id*. (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994) (additional citation omitted)). "[I]t is settled that for purposes of *Younger* abstention that [sic] a proceeding is considered pending until all appellate court remedies have been exhausted." *Reinhardt v. Com. of Mass. Dep't of Soc. Servs.*, 715 F. Supp. 1253, 1255 (S.D.N.Y. 1989) (internal quotation marks and citation omitted).

"*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp,* 282 F.3d at 198 (citing *Grieve v. Tamerin,* 269 F.3d 149, 152 (2d Cir. 2001)). "*Younger* abstention is triggered only by three categories of state court proceedings: (1) state criminal prosecutions; (2) civil proceedings that are akin to criminal proceedings; and (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" *Amato v. McGinty*, No. 1:17-CV-593 (MAD/ATB), 2017 WL 9487185, at *10 (N.D.N.Y. June 6, 2017), *report and recommendation adopted,* No. 1:17-CV-00593 (MAD/ATB), 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017) (internal quotations omitted) (quoting *Sprint Communications, Inc. v. Jacobs*, 571 U.S. at 69, 72-73).

"Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond D. Const. Corp.*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54) (internal quotations omitted). The plaintiff has the burden of establishing that one of the *Younger* exceptions applies. *See id.* (citing *Kirschner v. Klemons,* 225 F.3d 227, 235-36 (2d Cir. 2000)) ("[A] plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies.").

All three conditions required by *Younger* are met in this case. "Plaintiff's ongoing criminal prosecution is one of the three circumstances contemplated by *Younger.*" *Keir v. Donaldson*, No. 1:25-CV-0542 (ECC/TWD), 2025 WL 3442904, at *19 (N.D.N.Y. Dec. 1, 2025) (citing *Sprint Commc'ns, Inc.*, 571 U.S. at 70). "The ongoing state criminal prosecution implicates New York State's important interest in enforcing its own criminal laws." *Id*. (citing *Sprint Commc'ns, Inc.*, 571 U.S. at 70). "Moreover, the state proceeding will afford Plaintiff adequate opportunity for judicial review of [his constitutional claims because if Plaintiff is convicted, [he] can raise [his] claims on direct appeal or through collateral review." *Id*. (citing *Shelley v. Gulotta*, No. 09-CV-4883 (NGG), 2010 WL 309011, at *2 (E.D.N.Y. Jan. 26, 2010)).

The undersigned also concludes that, even affording plaintiff due solicitude, the complaint fails to allege that any *Younger* exceptions apply to this matter. *See generally* Dkt. No. 1; *see also Hunter v. McMahon*, No. 20-CV-18 (LJV-MJR), 2024 WL 4362310, at *6 (W.D.N.Y. Sept. 30, 2024) (quoting *Diamond D. Const. Corp.*, 282 F.3d at 199) ("To meet the bad faith or harassment exception, the federal plaintiff must show that the state

proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." (emphasis omitted)); *Phillips v. Schenectady Child Support Unite*, No. 1:24-CV-853 (BKS/PJE), 2025 WL 895035, at \*6 (N.D.N.Y. Mar. 24, 2025), *report and recommendation adopted sub nom. Phillips v. Schenectady Cnty. Child Support Unit,* No. 1:24-CV-853 (BKS/PJE), 2025 WL 1191320 (N.D.N.Y. Apr. 24, 2025), *appeal dismissed* (Sept. 18, 2025) *(quoting Diamond "D" Const. Corp.*, 282 F.3d at 201 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124, (1975)) ("To satisfy the extraordinary circumstance exception, the plaintiff must demonstrate that the state court incapable of fairly and fully adjudicating the federal issues before it . . . .") (internal quotation marks omitted)).

As all three conditions required by *Younger* are satisfied and plaintiff has failed to demonstrate that any exception to *Younger* applies, the analysis next turns to whether abstention and dismissal of plaintiff's claims is appropriate.  "'Abstention and dismissal' under *Younger* 'are inappropriate when [monetary] damages are sought, even when a pending state proceeding raises identical issues and [a court] would dismiss otherwise identical claims for declaratory and injunctive relief[.]'" *Rodriguez v. Shattuck*, No. 8:24-CV-0778 (BKS/PJE), 2025 WL 1066524, at \*4 (N.D.N.Y. Feb. 6, 2025) (quoting *Kirschner*, 225 F.3d at 238); *Ware v. Calistro*, No. 24-CV-323 (VDO), 2025 WL 2319848, at \*3 (D. Conn. Aug. 12, 2025) (citing *Morpurgo v. Inc. Vill. of Sag Harbor*, 327 F. App'x 284, 286 (2d Cir. 2009) (summary order) ("District courts . . . should not abstain from exercising jurisdiction over claims for monetary relief.").  "When money damages, as opposed to equitable relief, are sought, it is less likely that unacceptable interference with the ongoing state proceeding, the evil against which *Younger* seeks to guard, would result from the federal court's exercise of jurisdiction." *Kirschner*, 225 F.3d at 238.  In cases involving

money damages, "a stay of the action pending resolution of the state proceeding may be appropriate." *Id*. (citing *Giulini v. Blessing,* 654 F.2d 189, 192-94 (2d Cir.1981)). [6]

Therefore, to the extent that plaintiff's state criminal proceeding remains ongoing, the undersigned concludes that, pursuant to *Younger*, the Court should abstain from hearing plaintiff's claim seeking injunctive relief and "that a stay of the remaining claims for money damages is appropriate." *Rodriguez*, 2025 WL 1066524, at *4 (citing *Henderson v. Heffler*, No. 07-CV-0487C (JTC), 2008 WL 2915437, at *2, (W.D.N.Y. July 24, 2008)) (additional citations omitted); *Diamond D. Const. Corp.*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54); *Kirschner*, 225 F.3d at 235 (quoting *Samuels v. Mackell,* 401 U.S. 66, 73 (1971) ("The *Younger* doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief; the Supreme Court held in a companion case to *Younger* that *Younger*'s policy would 'be frustrated as much by a declaratory judgment as it would be by an injunction.'")

Accordingly, the undersigned recommends that plaintiff's claims against Connor for (1) injunctive relief be dismissed without prejudice[7] and without leave to amend[8]

---

[6]      The Supreme Court has declined to reach the issue whether *Younger* applies to claims for money damages, but has noted that even if it does, the federal suit should be stayed, rather than dismissed, if the money damages sought could not be obtained in the pending state proceeding, even if the money damages sought could be obtained in a separate state proceeding.

*Kirschner*, 225 F.3d at 238 (citing *Deakins v. Monaghan,* 484 U.S. 193, 201-03 (1988)).

[7] "Dismissal of claims under . . . *Younger* . . . are generally without prejudice." *Damon v. New York*, No. 8:23-CV-0074 (GLS/CFH), 2023 WL 11965130, at *20 (N.D.N.Y. Mar. 28, 2023), *report and recommendation adopted,* No. 8:23-CV-0074 (GLS/CFH), 2023 WL 11965128 (N.D.N.Y. Apr. 24, 2023).

[8] The undersigned notes that plaintiff requests this Court order Connor fired from his job as a Jefferson County probation officer. The Court does not have the authority to grant the requested relief. *See Bell v. Brown*, No. 1:24-CV-7804 (LTS), 2025 WL 2930266, at *6, n.7 (S.D.N.Y. Oct. 15, 2025) ("To the extent that Plaintiff seeks the termination of Clark's employment with the Orange County Department of Probation (ECF 7, at 6, 13), this Court lacks the authority to grant such relief.") (citing *Henry v. Sharp*, No. 4:18-CV-0413 (MGL)(TER), 2018 WL 1413228, at *2, n.2 (D.S.C. Feb. 20, 2018) ("Plaintiff also seeks relief which can never be granted, by requesting Defendants be fired. This court cannot 'fire' Defendants."), *report & recommendation adopted*, 2018 WL 1393675 (D.S.C. Mar. 20, 2018)); *Mobley v. Rodriguez*, No. 7:25-CV-6784 (NSR), 2025 WL 3042024, at *2, n.2 (S.D.N.Y. Oct. 31, 2025) (citing *Henry*, 2018 WL 1413228, at *2,

because, as noted in footnote 8, any amendment would be futile; and (2) monetary damages for alleged violations of his First, Fourth, and Fourteenth Amendment[9] rights be stayed pending a resolution of his state criminal matter(s).[10] Moving forward on the plaintiff's claims for monetary damages would "place [this Court] in the awkward position of having to question the validity of the underlying state proceedings while they are ongoing, and the issues involved may well be resolved as those proceedings go forward." *Pawelsky v. Cnty. of Nassau, New York*, 684 F. Supp. 3d 73, 88 (E.D.N.Y. 2023). "The case will be administratively closed with leave to reopen at the conclusion of the underlying state proceedings if the issues contained herein have not been adequately addressed." *Id.* at 89; *Rodriguez*, 2025 WL 1066524, at *3-4 (abstaining and dismissing

n.2) (concluding that the Court lacked the authority to "terminat[e] [] any of the defendants from their current positions" including as a police investigator, assistant district attorney, county court judge, and court appointed attorney.). Although this Court generally affords pro se plaintiff's an opportunity to amend, the undersigned concludes that amendment is not warranted here because, even affording plaintiff due solicitude and giving his complaint an extremely liberal reading, plaintiff's complaint fails to suggest or hint at any additional claim for injunctive relief that the Court may potentially grant. *See Rich*, 2024 WL 3677262, at *2 (quoting *Cuoco*, 222 F.3d at 112).

[9] Although the undersigned recommends staying plaintiff's claims for monetary damages, it should be noted that plaintiff's Fourteenth Amendment Due Process claim also fails to satisfy Rule 8. *See* FED. R. CIV. P. 8(a)(2) (Stating that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Plaintiff states that Connor charging him with felony possession of a weapon deprived him of his "Life, Liberty, and Freedom." Dkt. No. 1 at 5. Yet, plaintiff does not provide any additional explanation of how his due process rights were violated. *See generally* Dkt. No. 1. Without any additional context or factual basis, plaintiff's complaint does not provide "fair notice of the claim[s] being asserted" against Connor such that he would have an adequate opportunity to file an answer and "prepare an adequate defense." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999); FED. R. CIV. P. 8(a)(2).

[10] Plaintiff's complaint alleges that on June 23, 2025, Connor worked for the Jefferson County Probation Department. *See* Dkt. No. 1 at 4. The Jefferson County Probation Department is a municipal entity. *See* JEFFERSON COUNTY, NEW YORK, "Probation," https://www.jeffersoncountyny.gov/departments/Probation (last visited May 18, 2026). Plaintiff has not named Jefferson County as a defendant. *See generally* Dkt. No. 1. Although the undersigned does not reach the merits because of *Younger* and the recommended stay of any claims for monetary damages, for the sake of completeness, should plaintiff seek to return to Court after the resolution of his state criminal proceeding and seek to proceed against Conner in his official capacity for monetary damages, plaintiff is advised that he can only proceed with such claims pursuant to *Monell v. Department of Soc. Services of City of New York*. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell*, 436 U.S. 859, 690-91 (1978)("Municipalities may be sued directly under [Section] 1983" pursuant to *Monell* "for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision.").

10

the plaintiff's claim for injunctive relief and staying the remaining claims for monetary damages due to the plaintiff's ongoing criminal prosecution); *Ingram v. Herrick*, No. 10-CV-1583 (GLS/RFT), 2011 WL 1113795, at *2 (N.D.N.Y. Jan. 24, 2011), *report and recommendation adopted,* No. 1:10-CV-1583 (GLS/RFT), 2011 WL 1100093 (N.D.N.Y. Mar. 23, 2011), *aff'd,* 475 F. App'x 793 (2d Cir. 2012) (summary order) (abstaining from interfering with the plaintiff's claim for injunctive relief when the plaintiff faced a pending state prosecution for an assault charge.); *see generally Damron v. Houston County, Texas, et al*., No. 9:25-CV-00211-MJT-CLS, 2026 WL 707420, at *5 (E.D. Tex. Feb. 11, 2026), *report and recommendation adopted sub nom. Damron v. Houston Cnty., Texas*, No. 9:25-CV-0211-MJT-CLS, 2026 WL 561186 (E.D. Tex. Feb. 27, 2026) (quoting Wallace v. Kato, 549 U.S. 384, 389 (2007) ("A stay is the better course when the claims are premised on the legality of the initial arrest since the statute of limitations for false imprisonment begins to run 'once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges.'").

### 3. *Heck* **Preclusion**

Although the undersigned does not reach the merits due to the *Younger* abstention issue, discussed above, in the interest of thoroughness and affording plaintiff a complete picture of the possible future viability of his claims, should plaintiff seek to return to Court to reopen this matter following the resolution of his state criminal proceeding and any appeals, plaintiff should be aware that his Section 1983 claims for monetary damages may also be precluded by the Supreme Court of the United States' holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

> In *Heck*, the Supreme Court of the United States held that a Section 1983
> action seeking damages is not cognizable if a decision in favor of the plaintiff

would necessarily invalidate an extant criminal conviction unless "the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus."

*Barzee v. Tyler*, No. 8:21-CV-902 (GTS/CFH), 2022 WL 1406606, at *10 (N.D.N.Y. May 3, 2022), *report and recommendation adopted,* No. 8:21-CV-902 (GTS/CFH), 2022 WL 2079084 (N.D.N.Y. June 9, 2022) (quoting *Heck*, 512 U.S. at 486-87). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487.

Plaintiff is advised that if the district judge adopts this Report-Recommendation & Order and he returns to this Court seeking to reopen the case following the resolution of his criminal proceedings and potential appeals, he may only proceed on his Section 1983 claims if he can demonstrate a favorable termination of either a criminal conviction, criminal sentence, or probation violation.[11]   *See Barzee*, 2022 WL 1406606, at *10; *Canfield v. Tartaglia*, No. 6:24-CV-1303 (GTS/TWD), 2025 WL 553468, at *3 (N.D.N.Y. Feb. 19, 2025), *report and recommendation adopted,* No. 6:24-CV-1303 (GTS/TWD), 2025 WL 949845 (N.D.N.Y. Mar. 28, 2025) (quoting *Partee v. City of Syracuse*, No. 5:19-CV-0417 (TJM/DEP), 2019 WL 2617901, at *6 (N.D.N.Y. May 23, 2019) (citing *Bratton v. New York State Div. of Parole*, No. 5:05-CV-0950 (NAM/GJD), 2006 WL 2792743, at *2 (N.D.N.Y. Sept. 27, 2006), *report and recommendation adopted*, 2019 WL 2616954 (N.D.N.Y. June 26, 2019) ("Courts have . . . made clear that *Heck* and its favorable

---

[11] "*Heck* bars a § 1983 claim based on an extant conviction, but it has no application to an anticipated future conviction." *Stegemann v. Rensselaer Cnty. Sheriff's Office*, 648 F. App'x 73, 76 (2d Cir. 2016) (summary order) (citing *Wallace*, 549 U.S. at 393); *Damron*, 2026 WL 707420, at *5 ( (citing Wallace, 549 U.S. at 393-95) ("Heck still bars the federal court from entertaining those claims until the prosecution terminates, the stay simply allows the plaintiff to preserve her claims so that they are not lost on statute-of-limitations grounds.")

termination rule applies to actions pursuant to section 1983 that challenge the fact or duration of confinement based on the revocation of parole.").

## IV.  **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's Section 1983 claim against Connor for injunctive relief (Dkt. No. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction in accord with the *Younger* abstention doctrine and without leave to amend; and it is further

**RECOMMENDED**, that plaintiff's Section 1983 claims against Connor for monetary relief (Dkt. No. 1) be **STAYED** pending the resolution of plaintiff's state criminal proceeding(s) and any resulting appeals, and that the Clerk administratively close the case, with leave to reopen as detailed herein; and it is further

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation & Order, the District Judge advise plaintiff that, if, following the resolution of any criminal proceeding and appeals, he can show a favorable termination of any criminal conviction, criminal sentence, or probation violation and wishes to reopen this proceeding, he be directed to notify this Court of any final disposition of the state criminal proceeding(s) within thirty (30) days of the final adjudication of the last pending state criminal proceeding; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

13

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[12]

Dated:  May 21, 2026
       Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[12] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).