UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RICHARD E. DANIELS,

                              Plaintiff,
                                                                    5:25-CV-1100
v.                                                                  (GTS/PJE)

DANIEL CONNOR, Sr. Probation Officer,

                              Defendant.

_____

APPEARANCES:

RICHARD E. DANIELS, C2965
  Plaintiff, *Pro Se*
Jefferson County Jail
753 Waterman Drive
Watertown, New York  13601

GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

Currently before the Court, in this *pro se* civil rights action filed by Richard E. Daniels ("Plaintiff") against Daniel Connor, Probation Officer for the Jefferson County Probation Department ("Defendant"), is United States Magistrate Judge Paul J. Evangelista's Report-Recommendation recommending that Plaintiff's Section 1983 claim for injunctive relief be dismissed without prejudice and without prior leave to amend for lack of subject-matter jurisdiction in accord with the *Younger* abstention doctrine, and that Plaintiff's remaining Section 1983 claim for monetary relief be stayed pending resolution of Plaintiff's state criminal proceeding and any resulting appeal (and that that the Clerk of the Court administratively close

1

the case, with leave to reopen it upon Plaintiff's showing of the resolution of his state criminal proceeding and any resulting appeal).  (Dkt. No. 4.)

Plaintiff has not filed any specific Objection to Report-Recommendation, and the time in which to do so has expired.  (*See generally*, Docket Sheet.)[1]  Instead, Plaintiff has filed a one-page "To whom it may concern" letter, advising the Court that, among other things, "[a]s per the criminal proceeding, I was sentenced to (1) year [sic] for the probation violation and (1) year [sic] to run consecutive for [sic] the weapons possession . . . ."  (Dkt. No. 5.)[2]

After carefully reviewing the relevant papers herein, including Magistrate Judge Evangelista's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[3] Magistrate Judge Evangelista employed the proper standards, accurately

---

[1]    To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    The Court notes that Plaintiff's one-page letter also raises the specter of a new due process claim arising from his allegation that "[m]y arraignment were [sic] not together for these charges also were [sic] not within 72 hours of me being charged . . . ."  (Dkt. No. 5.)  However, because it would hardly be an extension of special solicitude to Plaintiff to treat this one-page letter as Plaintiff's one free amendment under Fed. R. Civ. P. 15(a)(1)(A) (especially when he has not yet had the benefit of the Court's review of the report-recommendation), the Court will not consider any such new claim in this Decision and Order, but will leave it for Magistrate Judge Evangelista's consideration, should this case be reopened.

[3]    When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a "clear error" review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy

recited the facts, and reasonably applied the law to those facts.  (*See generally* Dkt. No. 4.)  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

However, because Plaintiff's one-page "To whom it may concern" letter may be liberally construed as a request to reopen this case, the letter is referred to Magistrate Judge Evangelista for consideration of whether it constitutes the required notification by Plaintiff of the resolution of his state criminal proceeding and any resulting appeal.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Section 1983 claim against Defendant for injunctive relief (Dkt. No. 1) is **DISMISSED** **without prejudice** and **without prior leave to amend** for lack of subject-matter jurisdiction in accord with the *Younger* abstention doctrine; and it is further

**ORDERED** that that Plaintiff's remaining Section 1983 claim against Defendant for monetary relief (Dkt. No. 1) is **STAYED** pending the resolution of Plaintiff's state criminal proceeding and any resulting appeal, and that the Clerk of Court **ADMINISTRATIVELY CLOSE THE CASE** with leave to reopen the case upon Plaintiff's notification of the resolution of his state criminal proceeding and any resulting appeal within **THIRTY (30) DAYS** of the

---

itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

final adjudication of the last pending state criminal proceeding; and it is further

**ORDERED** that Plaintiff is respectfully advised that, if this case is reopened, he may proceed on his Section 1983 claim against Defendant for monetary relief only if he can demonstrate a favorable termination of any criminal conviction, criminal sentence, or probation violation; and it is further

**ORDERED** that Plaintiff's one-page "To whom it may concern" letter (Dkt. No. 5) is referred to Magistrate Judge Evangelista for consideration of whether it constitutes the required notification by Plaintiff of the resolution of his state criminal proceeding and any resulting appeal.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: July 28, 2026
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge